**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| | : | |
| v. | : | 10-751 |
| | : | |
| RODNEY WESLEY FRIERSON and | : | |
| ANGEL LEDUANN ANDERSON | : | |
| | : | |

**Goldberg, J.**                                                            **February 28, 2012**

<u>**Memorandum Opinion**</u>

The issue currently before the Court pertains to the admissibility, pursuant to FED. R. EVID. 404(b), of a 2006 drug distribution conviction.  Based on the record before us, we conclude that the Government has not clearly articulated how this conviction fits into a chain of logical inferences that is probative of a purpose other than character.  Moreover, the probative value of this evidence is far outweighed by its prejudicial effect.  Thus, the Government's Rule 404(b) motion to admit this conviction will be denied.

## I.        FACTUAL AND PROCEDURAL BACKGROUND

Defendants, Rodney Frierson and Angel Anderson, have been charged with conspiracy to possess with the intent to distribute and possession with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 846 and 841 (Counts I and II).  Frierson is also charged with possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) (Count III), and being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) (Count IV).  The facts leading up to these charges are as follows:

On January 15, 2010, Pennsylvania State Trooper, Justin Hope, was positioned at the Valley

Forge entrance ramp of the Pennsylvania Turnpike.  Shortly after 10:30 a.m., Hope observed two men in a black Chevrolet Tahoe sports utility vehicle ("SUV") entering the Turnpike.  Hope followed the SUV, clocking it for approximately one mile traveling at 76 mph in a 65 mph zone. Having observed a violation of the Pennsylvania Motor Vehicle Code, Hope activated his vehicle lights whereupon the SUV immediately pulled over.  (Govt.'s Mot. 2.)

Hope approached the SUV, introduced himself, and asked the driver, Defendant Rodney Frierson, for his drivers license and registration.  Frierson produced his license and an Enterprise rental agreement.  The passenger, co-defendant Angel Anderson, stated that he had rented the car and volunteered his license.  Hope reviewed both licenses as well as the rental agreement, which indicated that the vehicle was rented by Anderson and that Frierson was not authorized to drive. (Govt.'s Mot. 2-3.)

After verifying the status of the rental agreement with Enterprise, Trooper Hope told Frierson that because he was not an authorized driver under the agreement, Anderson was going to have to drive.  Shortly thereafter, Hope asked Frierson to exit the SUV and conducted a pat-down of Frierson, along with backup Trooper Luke Straniere.[1]  The pat-down resulted in the recovery of a .45 caliber handgun from Frierson's waistband.  Because Frierson has a felony conviction, he was arrested for being a felon in possession and was placed in Straniere's police vehicle.  Frierson and Anderson were subsequently transported to the State Police barracks, where the SUV was also towed.  (Govt.'s Mot. 3-4.)

At the police barracks, the troopers searched the SUV and found approximately 995 grams

---

[1] The constitutionality of the stop and subsequent pat-down was challenged by both Defendants and litigated in a hearing held on May 20, 2011.  Defendants' motions on this issue were denied, as set forth in our Memorandum Opinion dated August 30, 2011 (Doc. No. 77).

of cocaine, a vacuum sealer, and five rolls of plastic vacuum sealed bags.  These items were located

in a luggage bag that was in the rear storage area of the vehicle.  This bag also contained paperwork,

including plane tickets, plane ticket stubs, a receipt from Enterprise, and a receipt from a hotel, all

of which were in Anderson's name.  (Govt.'s Mot. 4.)

Presently before the Court is the Government's "Motion in Limine to Admit Evidence Under

Rule 404(b)," wherein it seeks to admit Frierson's 2006 California conviction for "unlawful

possession for sale and purchase for purpose of sale of cocaine base."[2]  Hearings were held on this

and other motions on January 3, 2012 and January 9, 2012.

## II.   LEGAL STANDARD

Federal Rule of Evidence 404(b), which governs the admission of evidence of prior crimes,

wrongs, and acts, provides in pertinent part that:

> Evidence of a crime, wrong, or other act is not admissible to prove a person's
> character in order to show that on a particular occasion the person acted in
> accordance with the character. . . .  [However, t]his evidence may be admissible for
> another purpose, such as proving motive, opportunity, intent, preparation, plan,
> knowledge, identity, absence of mistake, or lack of accident.

FED. R. EVID. 404(b).  This rule is inclusive, not exclusive, United States v. Sampson, 980 F.2d 883,

886 (3d Cir. 1992), and emphasizes admissibility if such evidence is "relevant for any other purpose

than to show a mere propensity or disposition on the part of the defendant to commit the crime."

United States v. Givan, 320 F.3d 452, 460 (3d Cir. 2003) (internal quotation marks omitted).

In determining whether evidence of a defendant's prior conviction is admissible, we must

---

[2] The Government has also moved for the admission of Frierson's 2005 California
conviction for "possession of a firearm by a person convicted of a violent offense."  (Govt.'s
Mot. 4-5, 10.)  Because the Government only seeks to admit this conviction for purposes of
potential impeachment, this motion will be held under advisement and will be considered, if
necessary, after the trial record has been developed.

engage in a four-part analysis.  Huddleston v. United States, 485 U.S. 681 (1988); see also United States v. Kellogg, 510 F.3d 188, 199 n.10 (3d Cir. 2007).  First, we must decide whether the evidence is being offered for a proper purpose as set forth in FED. R. EVID. 404(b).  Second, we must examine whether the evidence is relevant under FED. R. EVID. 402.  Third, we must determine whether the probative value of the evidence substantially outweighs its risk of unfair prejudice as set forth in FED. R. EVID. 403.  Finally, if the evidence is deemed admissible, the jury must be instructed to consider the evidence "only for the limited purpose for which it was admitted."  Id.

## III.   DISCUSSION

Before examining the standards set forth in Huddleston, we will first review the details (or lack thereof) supplied by the Government regarding Frierson's 2006 conviction, and the Government's stated purposes under Rule 404(b) for introducing this conviction.

In its motion to admit the Rule 404(b) evidence, the Government describes the prior conviction as follows:

> On or about November 16, 2006, in the Superior Court of California, County of Riverside, the defendant was convicted of the felony offense of unlawful possession for sale and purchase for purpose of sale of cocaine base, arising out of an offense that took place on November 14, 2006 (Case No. RIF133278).

(Govt.'s Mot. 4.)  When asked by the Court to supply further details about this prior offense, the Government could not do so.  (See Jan. 9, 2012 Hr'g Tr. 18) (responding to the Court's inquiry about the facts of the prior conviction, the Assistant United States Attorney ("AUSA") stated: "Unfortunately, I don't have all the facts.  What I do have is just that it's a conviction for cocaine base crack . . . .")  Thus, the only information before us regarding the prior conviction is the charged offense, date and state of conviction and the type of drug involved.  The record is devoid of any facts

regarding the manner in which the offense was committed, whether other co-defendants may have been involved, or the quantity of drugs.[3]

The Government's reasons regarding the admissibility of Frierson's prior conviction have varied somewhat, and have been articulated in both its written submission and during the hearings on this issue.  In its "Motion In Limine to Admit Evidence Under Rule 404(b)," the Government asserts that it intends to offer Frierson's drug conviction as evidence of knowledge, intent and absence of accident or mistake.  The Government states that the conviction is admissible: "(1) to prove that he knowingly, and without mistake possessed the cocaine that he is charged with; and (2) to prove his intent in possessing the cocaine."  (Govt.'s Mot. 8.)

In court, we carefully questioned the AUSA in order to fully understand the Government's purpose for introducing the prior conviction.   On January 3, 2012, the AUSA offered the following explanation:

> THE COURT:   Which prong of 404(b) are you introducing the prior conviction under?  Intent, mistake, which one?
>
> AUSA:        It's going to be under knowledge, intent and absence of mistake or accident.  Those would be the three that I think are appropriate in this case.
>                               . . .
> AUSA:        Accident in the sense that the Defendant just happens to be driving the vehicle with just shy of a kilogram of cocaine.
>
> THE COURT:   So your arguments to knowledge goes, he had a prior conviction. He's aware of drugs and while you can't hold that against him for propensity purposes, you can infer that he's a knowledgeable drug

---

[3] In describing the 2006 drug conviction, the AUSA mentioned a prior firearm offense but did not request that this conviction also be admitted.  While the record is not entirely clear, after a phone conference to clarify this point, we understand that this is the same conviction referred to in note two, supra, where the Government may seek its introduction for impeachment purposes.

dealer?

AUSA: Because of the way the drugs were packaged. . . . They were sealed in Saran Wrap. It's not obvious to the eye of an untrained person what that would be, but certainly to a person who'd been convicted for dealing drugs, it's proof of prior knowledge of that. With respect to intent, it's a similar argument in that the Defendant in this case, if the jury finds that he possessed the drugs, it said he possessed them, he's got knowledge of the way I guess the drug-dealing world works. That goes sort of to my argument as to why he had the firearm on him and that the intent of the Defendant, because of his prior knowledge of the way drug-dealing world works, the way -- the circumstances of this stop, the Defendant having a gun on him, the way the drugs were packaged, this goes to his intent to distribute them.

(Jan. 3, 2012 Hr'g Tr. 39-41.)

On January 9, 2012, when asked to elaborate on the admissibility of the proffered Rule 404(b) evidence, the AUSA mentioned for the first time that the prior conviction would also be tied to the Government's expert's opinions:

THE COURT: . . . So how does a prior distribution conviction show that he had the intent and knowledge to constructively possess [the package found in the vehicle?]

AUSA: Because, Your Honor, it shows that it's more likely that this individual had knowledge of what this item was.

THE COURT: Sounds like propensity, doesn't it?

AUSA: Well, it shows that he has knowledge, Your Honor. It's not that he possessed it or more likely possessed it, but that he had knowledge of what it was and not that it was just a random object in the bottom of a bag that he didn't know what it was. . . . It's also admissible because of the circumstances of the stop. Not the Defendant's demeanor, but the fact that they were driving a rental vehicle. Some of the factors that the expert will testify about, the fact they were driving a rental vehicle, the fact that the Defendant, Mr. Frierson, had a firearm on him and then also --

6

THE COURT:    Well, spell that out for me.  Your expert's going to say what?

AUSA:    That firearms -- from his experience, firearms are commonly associated with narcotics trafficking, because individuals use firearms to protect their narcotics . . . .

. . .

THE COURT:    . . . But what does a prior conviction five years ago have to do with that opinion?

AUSA:    And I think it just shows -- that actually goes to the Defendant in this case's intent to possess these drugs, because it shows that not only were there drugs in the back, Defendant had a firearm which when you combine that with drugs being -- or guns being commonly associated with drug trafficking, I think it goes to the Defendant's intent and it shows that he's got knowledge and experience in drug trafficking, which translates to the fact that he knowingly carried this firearm to protect the drugs in the back of the vehicle.

. . .

THE COURT:    So [the] prior conviction provides him knowledge of how to protect drugs and that's why he has a firearm.  Is that what you're saying?

AUSA:    Or familiarity with the drug trafficking trade, yes, Your Honor.

THE COURT:    And the prior conviction becomes relevant and probative because it shows, based on the prior conviction, that he's aware that he needs a gun to advance his drug dealing activities?

AUSA:    Yes, Your Honor.

(Jan. 9, 2012 Hr'g Tr. 13, 15-18.)

### A.    Is the Prior Conviction Being Offered for a Proper Purpose, And, If So, Is It Relevant?

As noted above, the first two factors to be examined under Huddleston pertain to whether the

Rule 404(b) evidence is being offered for a proper purpose and whether such evidence is relevant.

These inquiries are often "intimately intertwined."  United States v. Morley, 199 F.3d 129, 133 (3d

Cir. 1999).

7

In assessing whether Rule 404(b) evidence is being offered for a proper purpose, the United States Court of Appeals for the Third Circuit requires that the proponent "clearly articulate how th[e] evidence fits into a chain of logical inferences, no link of which can be the inference that because the defendant committed [other] offenses before, he therefore is more likely to have committed this one." United States v. Sampson, 980 F.2d 883, 887 (3d Cir. 1992). "The prime inquiry is whether the evidence is probative of a material issue other than character." United States v. Boone, 279 F.3d 163, 187 (3d Cir. 2002) (citing Huddleston, 485 U.S. at 687). While prior convictions may, in certain situations, be admissible to show knowledge on the part of a defendant, that evidence must tend "to prove some fact besides character." Sampson, 340 F.3d at 887.

Once a proper purpose has been established, the relevance of the proposed evidence must be examined. Evidence is relevant if it tends to make the existence or nonexistence of a disputed material fact more probable or less probable than it would be without the evidence. FED. R. EVID. 401.

After careful review of the written submissions and hearing transcripts, we understand the Government's argument regarding "knowledge" and "absence of mistake or accident" to be that, given the surrounding circumstances of the vehicle stop, including Frierson's possession of a gun, evidence of the prior conviction establishes that Frierson knew what was in the luggage bag and was not merely an innocent driver.[4] However, other than explaining that Frierson's previous conviction occurred in California in 2006, and that the offense involved was "unlawful possession for sale and

---

[4] We note that the Government's arguments regarding "knowledge" and "absence of mistake or accident" are essentially the same. The Government contends that Frierson's prior conviction is admissible to prove "that he knowingly, and without mistake possessed the cocaine." Thus, we will address both purposes together. (Govt.'s Mot. 8.)

purchase for purpose of sale of cocaine base," a similar but different substance than the one charged here, the Government has offered no additional information regarding the prior conviction. Importantly, there is nothing of record indicating that the factual circumstances of Frierson's 2006 conviction were in any way similar to the current facts to create a logical inference that Frierson knew what was in the luggage bag. Indeed, the record is silent as to whether a co-defendant—including possibly Anderson—was involved in the 2006 crime, whether the drugs recovered in 2006 were located in a rental vehicle, or whether those drugs had been secreted in a luggage bag or similar container. If proffered, these facts could potentially establish that, because Frierson was engaged in similar circumstances in 2006, he likely was aware, under the current facts, that cocaine was contained in the luggage bag. However, these facts simply do not exist. Without more, we are left with the inescapable conclusion that the Government's chain of inferences necessarily includes propensity as a link, which is explicitly prohibited by Rule 404(b). Accordingly, we find that Frierson's prior conviction is not admissible for purposes of proving knowledge or absence of mistake or accident.

A careful examination of the cases relied upon by the Government also convinces us that the 2006 conviction is being offered for Frierson's character and not for the proper purposes of establishing knowledge or absence of mistake or accident. For instance, in United States v. Boone, 279 F.3d 163 (3d Cir. 2002), the defendant was charged with conspiracy and possession with intent to distribute cocaine for his part in delivering a bag containing cocaine to an undercover agent. This delivery occurred after extensive planning with several co-defendants. Boone, 279 F.3d at 169-71. During the delivery, the defendant and the undercover agent entered a co-defendant's vehicle, wherein the defendant removed a clear plastic bag of cocaine from his jacket to give to the agent.

Id. at 170.

At trial, the defendant acknowledged that he possessed the bag and had accepted $100 for its delivery, but contended that he did not know the bag contained drugs and that he was merely "an ignorant 'go-fer.'"  To rebut this defense and to demonstrate his prior relationship with one of his co-defendants and a police informant (a former drug addict who provided the police with information about the drug deals at issue), the district court permitted the government to admit evidence of the defendant's prior drug trafficking activities.  Id. at 187.  Specifically, the court allowed evidence of the police informant's observations of the defendant's prior drug dealing, and evidence that the defendant had previously sold cocaine supplied by one of his co-defendants.  See id. at 187.

On appeal, the defendant argued that the district court erred in admitting this evidence, and asserted that there was no connection between his prior drug trafficking activities and his knowledge that the bag contained drugs, as opposed to "stolen jewelry or platinum dust."  Id.  The Third Circuit nonetheless affirmed and found that the prior drug trafficking activities were properly admitted to show defendant's knowledge of the bag's contents, and to establish that his prior interaction with the police informant and one of his co-defendants "included drug-trafficking."  Id.

Here, unlike in Boone, there is no evidence that Frierson had personally handled the bag containing the cocaine or that he had actually observed the drugs.  Thus, Frierson's ability to recognize cocaine and its packaging is not relevant.  Moreover, while Boone involved a similarity, or connection, between the prior bad acts and the facts of the charged offenses (e.g., common participants and same substance), because we know virtually nothing about the facts of Frierson's 2006 conviction, such similarities do not exist in the instant case.

In another case relied upon by the Government, United States v. Givan, 320 F.3d 452 (3d Cir.

10

2003), the defendant was charged with possession with intent to distribute heroin and related offenses after drugs were recovered from underneath the back seat of a vehicle in which he was a back seat passenger.  Givan, 320 F.3d at 456.  In arguing that this evidence was admissible, the Government provided details of the prior conviction that established that the drugs recovered in the previous offense were also secreted under the back seat of a vehicle.  Id. at 466-67.  On appeal, the Third Circuit concluded that the evidence was properly admitted to show knowledge, intent and lack of mistake or accident.  Id. at 461.

Unlike the case before us, in Givan, facts were offered about the prior conviction that connected it to the circumstances of the underlying offense.  These facts established that the defendant's prior drug trafficking, which included similar conduct of storing drugs under a car seat, fit into a chain of logical inferences establishing knowledge and absence of mistake or accident.  No such facts exist here.[5]

In addition to asserting admissibility under knowledge and absence of mistake, the Government also contends that the 2006 conviction is admissible to prove Frierson's intent to distribute the cocaine, and his intent to possess the firearm in furtherance of drug trafficking.  "In order to admit evidence under the 'intent' component of Rule 404(b), intent must be an element of the crime charged and the evidence offered must cast light upon the defendant's intent to commit the crime."  United States v. Himelwright, 42 F.3d 777, 782 (3d Cir. 1994) (citing United States v. Kirk, 528 F.2d 1057, 1060 (5th Cir.1976)).  Under such circumstances, courts may admit evidence of prior similar conduct "to show a pattern of operation suggestive of intent."  Commodity Futures

---

[5] It is worth noting that in Givan the prosecutor had obtained extensive information about the prior conviction from the arresting officer.  Id. at 467.

11

Trading Comm'n v. Rosenberg, 85 F. Supp. 2d 424, 438 (D.N.J. 2000). "[E]vidence of prior *similar* conduct is relevant to show intent because as a matter of logic, it is at least marginally more likely that [defendant acted] intentionally if he had previous experience with the same or *similar* conduct." United States v. Ivins, 2010 WL 1388999 at *3 (E.D. Pa., Mar. 31, 2010) (quoting United States v. Staten, 181 Fed. Appx. 151, 155 (3d Cir. 2006)) (alteration in original) (emphasis added).

We find that the Government has failed to articulate, without resorting to the kind of character-based inference prohibited by Rule 404(b), how Frierson's prior conviction is probative of his intent to distribute or his intent to possess the firearm. With regard to Counts I and II, the Government has not articulated any logical chain of inferences that explains how Frierson's familiarity with drug trafficking makes it more probable that he had the intent to distribute the drugs recovered here. The only connection between the previous offense and Frierson's intent to distribute is propensity. With regard to Count III, it is worth repeating that the Government has failed to offer the requisite facts to establish that the circumstances of the prior conviction are similar to the facts of the instant case. While we recognize that courts often admit evidence such as prior drug dealing to establish a defendant's intent with respect to a charged offense, see United States v. Lee, 573 F.3d 155, 166-67 (3d Cir. 2009), without knowing the facts and circumstances surrounding the prior conviction, we are unwilling to conclude that the Government has met its burden of articulating how the proposed evidence fits into a logical chain of inferences probative of intent.

**B.    FED. R. EVID. 403 Analysis**

Even if the 2006 conviction were properly admissible for knowledge, intent, or absence of mistake or accident, and also relevant under FED. R. EVID. 402, we would still have to address the third prong of Huddleston, which entails balancing the probative value of the evidence against its

12

prejudicial effect.  Under this prong, we must assess the "genuine need for the challenged evidence and balance that necessity against the risk that the information will influence the jury to convict on improper grounds."  United States v. Sriyuth, 98 F.3d 739, 747-48 (3d Cir. 1996) (internal quotations omitted).  Specifically, we must balance "the actual need for that evidence in view of the contested issues and the other evidence available to the prosecution, and the strength of the evidence in proving the issue, against the danger that the jury will be inflamed by the evidence to decide that because the accused was the perpetrator of the other crimes, he probably committed the crime for which he is on trial."  Id. at 748 (citing United States v. Cook, 538 F.2d 1000, 1003 (3d Cir. 1976)).

Here, given the proffered purposes for which the evidence would be admitted, Frierson's previous conviction has limited probative value.  According to Frierson's counsel, he will not claim that Frierson had observed the package containing the cocaine but did not know it was an illegal substance.  See, e.g., Boone, 279 F.3d at 187 (pointing out that defendant claimed he did not know the bag he delivered contained cocaine).  Rather, the defense's position will be that Frierson was unaware that cocaine was stored in the luggage bag, thus minimizing any probative value of the prior conviction as it relates to knowledge.  (See Jan. 9, 2012 Hr'g Tr. 13-14.)  In addition, because Frierson's counsel has conceded that the amount of cocaine is more than sufficient to establish an intent to deliver, the prior conviction is hardly probative of Frierson's intent to distribute.  (See id. at 12-13.)  Moreover, while the previous charge involves a similar narcotic (crack), as discussed at length, supra, the Government has presented no evidence of the circumstances surrounding Frierson's 2006 conviction.  Without these details, the probative value of the prior conviction is minimal.

The Government also has other evidence to support its case, including Frierson's close

13

proximity to the drugs; his control over the vehicle; his clear association with Anderson; the multiple cell phones in the vehicle; and an expert who will testify that the amount of drugs recovered is indicative of an intent to distribute, and that possession of a firearm is consistent with drug trafficking.

Finally, admission of the prior conviction would, for obvious reasons, be prejudicial. "When jurors hear that a defendant has on earlier occasions committed essentially the same crime as that for which he is on trial, the information unquestionably has a powerful and prejudicial impact." United States v. Johnson, 27 F.3d 1186, 1193 (6th Cir. 1994).

Thus, even if the 2006 conviction were offered for a proper purpose, we find that the probative value of Frierson's prior conviction to establish knowledge, absence of mistake or accident, and intent is substantially outweighed by the danger of unfair prejudice.

## III.   CONCLUSION

For the reasons set forth above, the Government's "Motion in Limine to Admit Evidence Under Rule 404(b)" is denied.

An appropriate Order follows.

14